UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD BONDS,
    Plaintiff,

vs.

UNIVERSITY OF CINCINNATI
MEDICAL CENTER, et al.,
    Defendants.

Case No. 1:15-cv-00641
Black, J.
Litkovitz, M.J.

ORDER

Plaintiff Todd Bonds, an inmate currently housed at the Luther Luckett Correctional Complex (LLCC) in LaGrange, Kentucky, brings this pro se action against defendants University of Cincinnati Medical Center (UCMC), UCMC Security Staff, and UCMC security employee Mike Posey. The matter is before the Court on plaintiff's motion to compel discovery (Doc. 36), which defendants oppose (Doc. 40). By his motion, plaintiff asks the Court to compel defendants to correct alleged deficiencies in their answers to plaintiff's First Set of Interrogatories. Plaintiff also moves the Court for an extension of time to complete discovery (Doc. 37), which defendants do not oppose (Doc. 41).

Defendants filed a notice with the Court stating that they had served their answers to plaintiff's First Set of Interrogatories on him by regular and electronic mail on January 22, 2016. (Doc. 25). On April 20, 2016, plaintiff filed a notice of change of address with the Court (Doc. 35), his fifth since instituting this lawsuit. (*See* Docs. 22, 23, 29, 30). Plaintiff stated in the notice that prior to his transfer to a new correctional facility, he had given defendants' counsel until the end of March 2016 to address defendants' purportedly deficient answers to his First Set of Interrogatories. (Doc. 35). Plaintiff alleged in the notice that he had not received a response

from defense counsel. However, plaintiff acknowledged that he had not informed either counsel or the Court of his transfer. Plaintiff stated in the notice that he was giving defendants additional time until May 5, 2016, to thoroughly respond to his First Set of Interrogatories, at which time he would file a motion to compel if their response was not sufficient. Plaintiff subsequently filed a motion to extend the discovery deadline to August 31, 2016.[1] (Doc. 37).

Defendants object to the motion to compel answers to the First Set of Interrogatories on the grounds plaintiff has not made a reasonable effort to resolve the matter without the Court's intervention, and he has not shown that defendants' responses are deficient. (Doc. 40). Defendants allege that they have attempted to work with plaintiff to resolve discovery issues but their efforts have been frustrated by plaintiff's frequent transfers to various correctional facilities. Defendants request additional time to resolve the outstanding discovery matters. Defendants do not object to plaintiff's request to extend the discovery deadline. (Doc. 41).

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if an opposing party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Rule 37 also provides, "If a party or a party's officer . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. . . . " Fed. R. Civ. P. 37(b)(2)(A). Before making a motion to compel disclosure or discovery, the moving party must "in good faith confer[ ] or attempt[ ] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The motion to compel "must include a certification" that the movant has made a good faith effort to confer with the opposing party to obtain the discovery without the Court's intervention. *Id.* "The obligation of counsel to

---

[1] This is the current discovery deadline established by the Court in its November 17, 2015 Calendar Order. (*See* Doc. 19). Plaintiff apparently is unaware of the deadline because, as he has informed the Court, he has been transferred several times during his incarceration and no longer has a copy of the Calendar Order. (Doc. 37 at 2).

2

meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010) (citing Fed. R. Civ. P. 37(a)(1)). *See also* S.D. Ohio Civ. R. 37.1 (motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . .").

Plaintiff's motion to compel discovery is not well-taken under the applicable Federal and Local Rules. Plaintiff has not included a certification with his motion and has not otherwise shown that he has made a good faith effort to resolve his discovery dispute with defendants. Plaintiff has attempted to communicate with defendants, but communication between the parties has apparently been hampered by plaintiff's numerous transfers to various correctional facilities over the course of the litigation. Defendants have indicated that they remain willing to work with plaintiff to resolve the outstanding discovery matters. (Doc. 40). Accordingly, it appears that all extrajudicial means for resolving this dispute have not been exhausted. The Court will therefore deny plaintiff's motion to compel.

The Court will also deny plaintiff's motion to extend the discovery deadline (Doc. 37) on the ground the motion is moot. The deadline established in the November 17, 2015 Calendar Order is August 31, 2016 (*see* Doc. 19), which is the same deadline requested by plaintiff in the motion.

3

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to compel discovery (Doc. 36) is **DENIED.**

2. Plaintiff's motion to extend the discovery deadline to August 31, 2016 (Doc. 37) is **DENIED** as moot.

3. The Clerk is **DIRECTED** to send Doc. 19 to plaintiff by regular U.S. mail.

Date: 6/15/16

Karen L. Litkovitz
United States Magistrate Judge

4