UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD BONDS,
    Plaintiff,

Case No. 1:15-cv-00641
Black, J.
Litkovitz, M.J.

vs.

UNIVERSITY OF CINCINNATI
MEDICAL CENTER, et al.,
    Defendants.

**ORDER**

    Plaintiff Todd Bonds, an inmate currently housed at the Luther Luckett Correctional Complex (LLCC) in LaGrange, Kentucky, filed this pro se action against defendants University of Cincinnati Medical Center (UCMC), UCMC Security Staff, and UCMC security employee Mike Posey in October 2015. The matter is before the Court on plaintiff's second motion to compel discovery (Doc. 42), and defendants' opposing memorandum (Doc. 44); plaintiff's motion to extend the Scheduling Order and/or for the appointment of counsel (Doc. 45); plaintiff's motion to compel the release of his medical records (Doc. 47); and plaintiff's motion for the Clerk to provide non-party subpoenas (Doc. 59). The matter is also before the Court on defendants' motion to vacate the Scheduling Order. (Doc. 58).

**I. Motions to compel (Docs. 42, 43)**

    Plaintiff moves the Court to compel defendants to provide complete answers to plaintiff's "Second Set of Interrogatories, Request for Productions and Request for Admissions." (Doc. 42). Plaintiff alleges that defendants' responses to his discovery requests provided on or about May 20, 2016, are deficient and defendants had not responded to a redrafted document that posed the same questions as of the date of plaintiff's motion. Plaintiff alleges that he has tried to informally resolve the issue with defense counsel but "Counsel will not oblige," and neither has

counsel responded to plaintiff's suggestion that the parties find an "alternative resolution" to the litigation. (*Id.* at 2). Plaintiff also seeks to recover from defendants a $.58 fee that the Kentucky State Police charged him to obtain a record under the Kentucky Open Records Act. (*Id.*; Exh. 3). Finally, plaintiff moves the Court to compel defendant UCMC or any other defendant to release his medical records, including the report of "Dr. Wones." (Doc. 47). Plaintiff states that he requested Dr. Wones' report prior to filing the litigation and in the first two sets of discovery requests, but defendants have "continued to dance around the topic of the report." (*Id.*).

Defendants oppose plaintiff's motion to compel responses to his second set of discovery requests for the same reasons they opposed plaintiff's first motion to compel, which the Court denied by Order entered on June 16, 2016. (*See* Doc. 43). Defendants argue that plaintiff has failed to exhaust all extrajudicial efforts to resolve his discovery disputes and he has not provided any grounds to show that defendants' responses to his discovery requests are deficient. (Doc. 44). Defendants acknowledge that plaintiff's incarceration has frustrated defense counsel's efforts to communicate directly with plaintiff, and defendants contend that plaintiff's alleged discovery issues would likely be resolved if plaintiff were available to meet with defense counsel or participate in a telephone conference. (*See also* Doc. 58). Defendants assert that plaintiff's motion to compel responses to his second set of discovery requests must be denied because they timely responded to the requests; after defendants responded, plaintiff did not attempt to contact defendants' counsel regarding any alleged deficiencies in the answers provided; plaintiff then served a second set of discovery requests on defendants which was identical to the prior set; defendants responded to those requests; and plaintiff once more failed to contact defendants' counsel regarding any alleged deficiencies in defendants' answers. (Doc. 44 at 2; Exhs. A, B).

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if an opposing party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Rule 37 also provides, "If a party or a party's officer . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. . . . " Fed. R. Civ. P. 37(b)(2)(A). Before filing a motion to compel disclosure or discovery, the moving party must "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The motion to compel "must include a certification" that the movant has made a good faith effort to confer with the opposing party to obtain the discovery without the Court's intervention. *Id.* "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio Apr. 12, 2010) (citing Fed. R. Civ. P. 37(a)(1)). *See also* S.D. Ohio Civ. R. 37.1 (motions pertaining to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . .").

Plaintiff's motions to compel discovery are not well-taken under the applicable Federal and Local Rules. As was true of his first motion to compel, plaintiff has not included a certification with his motions and has not otherwise shown that he has made a good faith effort to resolve his discovery disputes with defendants. Plaintiff vaguely alleges that he has "tried to informally resolve the issue with Defense Counsel, yet counsel has not obliged" (Doc. 42 at 2) and that he requested his medical report in his first two sets of document requests but "Defense

3

has continued to dance around the topic of the report" (Doc. 47 at 1). These allegations are much too vague and conclusory to show that plaintiff has made a good faith effort to resolve his discovery issues with defendants' counsel before seeking the Court's intervention. Defendants acknowledge they have had problems communicating with plaintiff, but they state they remain willing to work with plaintiff to resolve the outstanding discovery matters.[1] (Doc. 44). Accordingly, it appears that all extrajudicial means for resolving this dispute have not been exhausted. The Court will therefore deny plaintiff's motions to compel responses to the second set of discovery requests and the release of his medical records.

## II. Motion for appointment of counsel (Doc. 45)

Plaintiff moves the Court to appoint counsel for him if possible. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, the Court will deny plaintiff's motion for appointment of counsel.

---

[1] Because the Scheduling Order will be modified and the discovery deadline extended following plaintiff's release from prison, plaintiff will have additional time to attempt to informally resolve any outstanding discovery issues with defendants.

### III. Motion for Clerk to provide non-party subpoenas (Doc. 59)

Plaintiff has filed a motion requesting the Clerk of Court to issue blank but signed subpoenas for plaintiff to serve on designated non-parties pursuant to this Court's prior Order of August 17, 2016 (Doc. 54). In its prior Order, the Court stated that plaintiff does not require leave of Court to issue a non-party subpoena pursuant to Fed. R. Civ. P. 45 and he should direct his requests for subpoenas to the Clerk of Court. The Court stated that plaintiff is "free to contact the Clerk of this Court to obtain signed but otherwise blank subpoenas to be completed and issued by plaintiff." (*Id.*). Plaintiff need not file a motion to obtain these from the Clerk. Further, for the reasons discussed below, the Court finds that a stay of discovery in this matter is warranted. The Court will therefore deny plaintiff's motion for the Clerk to provide non-party subpoenas for plaintiff to serve (Doc. 59) as moot. Plaintiff is free to contact the Clerk to obtain signed but otherwise blank subpoenas for service on non-parties after a modified Scheduling Order is issued and the stay of discovery is lifted.

### IV. Motions to modify the Scheduling Order/stay discovery (Docs. 45, 58)

Plaintiff moves the Court to extend the Scheduling Order in this matter by 120 days. (Doc. 45). Plaintiff requests the extension on the grounds his frequent transfers during his brief incarceration since the Scheduling Order was entered have frustrated the parties' attempts to communicate; plaintiff would have been unable to participate in a telephone status conference with the Court originally scheduled for August 4, 2016[2]; and plaintiff has previously shown that he was unaware of the schedule for this case. Defendants move the Court to vacate the Scheduling Order and stay discovery in this matter until plaintiff has been released from prison. (Doc. 58). Defendants assert that plaintiff's incarceration and frequent transfers have hampered

---

[2] The conference was continued after plaintiff advised the Court that he would still be incarcerated on that date. (Doc. 48).

the parties' efforts to communicate. Defendants state that they are presently unable to take plaintiff's deposition, properly prepare a defense, or comply with the discovery and dispositive motion deadline of August 31, 2016. Defendants further allege that the parties' communication problems have resulted in plaintiff filing several unsubstantiated motions to compel.

The Court will vacate the Scheduling Order in light of the apparent difficulties faced by the parties in communicating with each other and completing discovery as a result of plaintiff's incarceration. The Court will issue a modified Scheduling Order that includes new discovery and dispositive motion deadlines after plaintiff is released from prison as anticipated in November 2016 and a telephone status conference takes place.[3] Discovery will be stayed until that time.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' motion to vacate the Scheduling Order and stay discovery (Doc. 58) is **GRANTED**. The Scheduling Order (Doc. 19) is **VACATED**. Discovery is **STAYED** pending further Order of the Court.

2. Plaintiff's motion to compel discovery (Doc. 42) is **DENIED**.

3. Plaintiff's motion to compel the release of his medical records (Doc. 47) is **DENIED**.

4. Plaintiff's motion for the appointment of counsel (Doc. 45) is **DENIED** and his motion to extend the Scheduling Order by 120 days (Doc. 45) is **DENIED** as moot.

5. Plaintiff's motion for the Clerk to provide non-party subpoenas for plaintiff to serve (Doc. 59) is **DENIED** as moot.

Date: 9/7/2016

Karen L. Litkovitz
United States Magistrate Judge

---

[3] In its July 25, 2016 Order, the Court ordered that plaintiff is to notify the Court and opposing counsel in writing within ten days after he is released from prison, at which time the conference will be rescheduled. (Doc. 48).