UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD BONDS,            Case No. 1:15-cv-641
    Plaintiff,

                                 Litkovitz, M.J.
    vs.

UNIVERSITY OF CINCINNATI
MEDICAL CENTER, et al.,            **ORDER**
    Defendants.

Plaintiff, a former resident of Kentucky who currently resides in Cincinnati, Ohio, initially filed this pro se action against the University of Cincinnati Medical Center (UCMC), its security staff, and security employee Mike Posey alleging a violations of his rights. (Doc. 3). On November 18, 2016, the Court granted plaintiff leave to file an amended complaint, subject to *sua sponte* screening by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 70). This matter is before the Court for a *sua sponte* review of plaintiff's amended complaint (Doc. 72)[1] to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

---

[1] Plaintiff previously submitted a copy of a proposed amended complaint attached to his motion for leave to file an amended complaint. *See* Doc. 65, att. 1. He has since filed the instant "Amended Complaint With Additional Defendants and Additional Counts." (Doc. 72). Therefore, the operative amended complaint for purposes of screening under 28 U.S.C. § 1915(e)(2)(B) is the amended complaint filed as Document 72.

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se amended complaint names six additional defendants in this matter: unknown UCMC security guard; the Office of the Attorney General of Kentucky; former Kentucky Attorney General John William "Jack" Conway; Two Unknown Kentucky State Police Officers; the Kentucky State Police; and the Commonwealth of Kentucky. Plaintiff alleges that the unknown UCMC security guard allowed the Unknown Kentucky State Police Officers access to plaintiff's hospital room "in violation of Plaintiff's Protected Health Information." (Doc. 72, ¶ 3). Plaintiff states he was not in custody and no law enforcement agency was "in immediate pursuit" of plaintiff. (*Id.*). Plaintiff alleges that the two Unknown Kentucky State Police Officers came onto the grounds of the UCMC when plaintiff was a patient there "under false pretense and intimidated Plaintiff into stopping the publishing of political advice given to black voters on social media and Plaintiff's formerly sole-operated Web site www.theoutclause.com." (Doc. 72, ¶ 10). He alleges that the Kentucky State Police Officers explained to plaintiff that they were sent by the Office of the Attorney General and then-gubernatorial candidate and

3

former Kentucky Attorney General Conway to talk to plaintiff about his social media postings, which routinely criticized the work of the Attorney General and urged voters not to vote for Conway. Plaintiff alleges his "speech was not a plot to overthrow the government or to break laws, but merely to inform black voters of the machinations of 'Conway' and the 'OAG.'" (Doc. 72, ¶ 4). He alleges that the officers "then threatened Plaintiff with what seemed like a threat to Plaintiff's livelihood and safety by saying 'handle this or else . . .' causing Plaintiff to shut down his Web site that was gaining popularity." (*Id.*). Plaintiff also alleges that one of the officers searched under plaintiff's bed covers without asking and found a shoe, and that the Officers did not have a warrant to do so.

The amended complaint further alleges that plaintiff then requested to go outside and walk as there was a significant spike in his blood pressure. He states that his primary care physician had previously advised him to take a walk to lower his blood pressure. Plaintiff alleges that while he was outside, defendant Posey called plaintiff "crazy" and "told Plaintiff to go back inside, despite Plaintiff having permission to go outside." (*Id.*, ¶ 5). Plaintiff states that defendant Posey repeated his actions the following day when plaintiff "was only participating in his healthcare." (*Id.*). Plaintiff states he "was being illegally detained by 'Posey' in the event the 'KSP' came back with an actual arrst (sic) as they did not as no crime was committed." (*Id.*). The amended complaint alleges seven additional causes of actions based on the foregoing allegations.[2]

For the reasons that follow, the Court determines that plaintiff's amended complaint should be dismissed in part and allowed to proceed in part. *See* 28 U.S.C. § 1915(e)(2)(B).

Count I of plaintiff's amended complaint alleges that the unknown UCMC security guard

---

[2] Construing plaintiff's pro se amended complaint liberally, it appears plaintiff's amended complaint is drafted as a supplementation to his original complaint as it is styled as "Amended Complaint With Additional Defendants and Additional Counts" and appears to incorporate by reference his original complaint. *See* Doc. 72, ¶ 2.

and defendant Posey unlawfully restrained plaintiff when plaintiff was hospitalized in violation of Ohio Rev. Code § 2905.03. Section 2095.03 provides that "[n]o person, without privilege to do so, shall knowingly restrain another of the other person's liberty" and "[w]hoever violates this section is guilty of unlawful restraint, a misdemeanor of the third degree." Ohio Rev. Code § 2905.03(A), (C). Section 2905.03 is an Ohio criminal statute over which this federal court has no jurisdiction to enforce. *Cf. Troutman v. Ohio Dept. of Rehab. & Corr.*, No. 03AP-1240, No. 04AP-670, 2005 WL 225313 (Ohio Ct. App. Feb. 1, 2005). Therefore, plaintiff's unlawful restraint claim under Ohio Rev. Code § 2905.03 is dismissed for lack of jurisdiction.[3]

Count II alleges a violation of plaintiff's "protected health information" against defendants UCMC, Posey, and UCMC Security Department. As best as the Court can discern, plaintiff appears to allege that by allowing the Unknown Kentucky State Police Officers access to his hospital room, the UCMC defendants violated plaintiff's privacy rights in his protected health information. However, plaintiff has no private cause of action under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of 18, 26, 29, 42 U.S.C.). *See Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 670 (Ohio Ct. App. 2015) (and cases cited therein) ("it is beyond dispute that HIPAA itself does not create an express or implied private right of action for violations of its provisions"). *See also Henry v. Ohio Victims of Crime Comp. Program*, No. 2:07-cv-0052, 2007 WL 682427, at *2 (S.D. Ohio Feb. 28, 2007) (and cases cited therein) ("Congress neither expressly nor impliedly provided for any private rights of action to enforce HIPAA."). Violations of HIPPA "can only be pursued by the Secretary of Health and Human Services." *Id.* (citing *L.S.D. v. Genesee Co. Community Mental Health*, 2006 WL

---

[3] The amended complaint, in part, also reiterates plaintiff's claims against defendant Posey, which were alleged in the original complaint. (Doc. 72, Count I, ¶¶ 3-4).

2347612 (E.D. Mich. 2006) (finding that Secretary of Health and Human Services must pursue action and that no private right of action exists under HIPAA)).  Therefore, Count II of the amended complaint fails to state a claim for relief and is dismissed.

Counts III and V, taken together, allege a First Amendment claim of retaliation against defendants UCMC, Posey, unknown UCMC security guard, UCMC security staff, the two Unknown Kentucky Police Officers, the Office of the Attorney General of Kentucky, former Kentucky Attorney General Conway, the Kentucky State Police, and the Commonwealth of Kentucky.  At this stage of the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff's retaliation claim is deserving of further development and may proceed at this juncture against defendants Two Unknown Kentucky Police Officers and Conway only.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill*, 630 F.3d at 471, 472-76.  *See also Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010) (citing *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (in turn citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

However, to the extent plaintiff also alleges violations of his First Amendment rights by defendants UCMC, Posey, unknown UCMC security guard, UCMC security staff, the Office of the Attorney General of Kentucky, the Kentucky State Police, and the Commonwealth of Kentucky, his First Amendment retaliation claim against these defendants must be dismissed. Aside from naming these defendants in the headings of Counts III and V, plaintiff fails to allege facts showing how these named defendants were somehow involved in any alleged violation of his First Amendment rights.  Plaintiff's amended complaint essentially sets forth the legal elements of a First Amendment retaliation claim in Paragraphs 17 through 20 without providing any factual enhancement showing how these defendants were personally involved in any alleged

deprivation of plaintiff's First Amendment rights. In the absence of any factual allegations specifically directed against these defendants, plaintiff has failed to state a claim for retaliation under the First Amendment against defendants UCMC, Posey, unknown UCMC security guard, UCMC security staff, the Office of the Attorney General of Kentucky, the Kentucky State Police, and the Commonwealth of Kentucky. Moreover, to the extent plaintiff seeks to hold the Office of the Attorney General of Kentucky and the Kentucky State Police vicariously liable for the alleged unconstitutional actions of their subordinates, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).

In addition, plaintiff has not stated an actionable claim against the Kentucky State Police because the state agency is not a "person" or legal entity that may be sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (affirming the state supreme court's ruling that neither the State Police nor the Director of the State Police in his official capacity could be sued under § 1983 for constitutional violations because they are not "persons" within the meaning of the statute). *Cf. Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Further, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's causes of action against the state agency defendants (Kentucky State Police and the Office of the Attorney General of Kentucky) and the Commonwealth of Kentucky. *See Will*, 491 U.S. at 66-71; *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007).

Count IV alleges a violation of plaintiff's Fourth Amendment rights against the two

Unknown Kentucky State Police Officers, the Office of the Attorney General of Kentucky, former Kentucky Attorney General Conway, the Kentucky State Police, and the Commonwealth of Kentucky. Liberally construing Count IV of the amended complaint, plaintiff alleges that the Unknown Kentucky State Police Officers without plaintiff's consent, a warrant, or probable cause conducted a search of plaintiff's hospital room. The Court finds plaintiff's Fourth Amendment claim against defendants Two Unknown Kentucky State Police Officers is deserving of further development at this juncture and may proceed. However, Count IV of the amended complaint against defendant Conway is devoid of any factual enhancement showing how defendant Conway was personally involved in any alleged illegal search and seizure of plaintiff's property. In the absence of any factual allegations specifically directed against defendant Conway, plaintiff has failed to state a claim for relief under the Fourth Amendment against defendant Conway. In addition, for the reasons previously stated in connection with plaintiff's First Amendment retaliation claim, Count IV is dismissed as to defendants the Office of the Attorney General of Kentucky, the Kentucky State Police, and the Commonwealth of Kentucky for failure to state a claim upon which relief may be granted.

Paragraph 12 and Counts VI and VII of the amended complaint allege claims of conspiracy against all of the defendants under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff alleges that the defendants from his original complaint along with the newly added defendants "were aware of the conspiracy" to violate plaintiff's First Amendment rights but failed to take action "to stop the same." (Doc. 72, ¶ 12). Plaintiff further alleges that defendants conspired to violate his rights under 42 U.S.C. § 1983 because "[a] single plan existed to illegally detain Plaintiff; [a]ll parties showed generally conspiratorial objective to deprive Plaintiff of his Constitutional Rights; and Plaintiff suffered injuries in the loss of his Web site and a setback in

his medical condition. . . ." (Doc. 72, ¶ 22). Finally, plaintiff alleges that he is African American and a member of a protected class and that the actions of the defendants violated his rights under 42 U.S.C. §§ 1985 and 1986.

Plaintiff's conspiracy claims must be dismissed. Plaintiff's amended complaint provides no factual content or context from which the Court may reasonably infer that the defendants conspired against plaintiff to violate his constitutional rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations of conspiracy are unsupported by specific facts, amount to legal conclusions couched as factual allegations, and are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's conspiracy claims. *Twombly*, 550 U.S. at 555. Paragraph 22 of the amended complaint essentially sets forth the legal elements of a conspiracy claim under Section 1983 without providing any facts in support thereof. This is insufficient to state a claim for relief under Section 1983. *See, e.g., Anderson v. Cnty. of Hamilton*, 780 F. Supp.2d 635, 643-44, 652 (S.D. Ohio 2011) (and cases cited therein) (dismissing conspiracy claims in the absence of factual allegations to support the inference that a single plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)) ("It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'"). Plaintiff's allegations are simply too conclusory to state a claim of a conspiracy to violate a right protected by § 1983. Accordingly, plaintiff's claim of conspiracy under Section 1983 is dismissed against all of the defendants.

Section 1985 of Title 42 provides a cause of action for conspiracy to deprive an

individual equal protection of the law. *See* 42 U.S.C. § 1985(3).[4] To state a § 1985(3) claim, plaintiff must show that (1) two or more persons conspired (2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based discriminatory animus, (3) an act "in furtherance of the object of such conspiracy" and (4) an injury to the plaintiff resulting from such act. *See United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). *See also Ashbiegu v. Purviance*, 76 F. Supp.2d 824, 830 (S.D. Ohio 1998). "[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (citing *Gutierrez*, 826 F.2d at 1538-39). As with his Section 1983 conspiracy claim, plaintiff has failed to plead specific facts in support of his claim of conspiracy under Section 1985. Plaintiff has alleged no facts showing that defendants' actions were in any way motivated by racial or class-based animus. Therefore, plaintiff's conspiracy claim under Section 1985 is dismissed.

As plaintiff has no viable claim under 42 U.S.C. § 1985, he also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Radvansky v. City of Olmstead Falls,* 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted). Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. *Id.* at 315. Therefore, plaintiff's claim under 42 U.S.C. § 1986 is dismissed for failure to state a claim for

---

[4]Plaintiff does not identify under which section his § 1985 claim arises. Upon review of his allegations and arguments, it appears that his claim arises under § 1985(3) and, accordingly, the Court's analysis is limited to this subsection. However, out of an abundance of caution and in the event plaintiff asserts otherwise, the undersigned notes that the complaint fails to state a claim under either 42 U.S.C. §§ 1985(1) or (2). Section 1985(1) of Title 42 prohibits two or more persons from conspiring to prevent "any person from accepting or holding any office . . . or from discharging any duties thereof. . . ." 42 U.S.C. § 1985(1). Section 1985(2) of Title 42 pertains to conspiracies aimed at deterring witnesses or jurors in federal court. 42 U.S.C. § 1985(2). Plaintiff's complaint contains no allegations whatsoever that could plausibly be construed as stating a claim under either of these subsections.

relief.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's amended complaint against the Office of the Attorney General of Kentucky; the Kentucky State Police; and the Commonwealth of Kentucky is **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

2. Counts I, II, VI and VII and Paragraph 12 (alleging a claim of conspiracy) of the amended complaint are **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

3. Plaintiff's First Amendment retaliation claim (Counts III and V) against defendants UCMC, Posey, unknown UCMC security guard, UCMC security staff, the Office of the Attorney General of Kentucky, the Kentucky State Police, and the Commonwealth of Kentucky is **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

4. Plaintiff's Fourth Amendment claim (Count IV) against the Office of the Attorney General of Kentucky, former Kentucky Attorney General Conway, the Kentucky State Police, and the Commonwealth of Kentucky is **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

5. In addition to the claims set forth in the original complaint, plaintiff may proceed with his First Amendment retaliation claim (Counts III and V) against defendants Two Unknown Kentucky State Police Officers and former Kentucky Attorney General Conway and with his Fourth Amendment claim (Count IV) against defendants Two Unknown Kentucky State Police

11

Officers.

6. It is **ORDERED** that the United States Marshal serve a copy of the original complaint (Doc. 3) and amended complaint (Doc. 72), a summons, and this Order upon defendants Two Unknown Kentucky State Police Officers and former Kentucky Attorney General Conway as directed by plaintiff.  All costs of service shall be advanced by the United States.

7. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

8. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

Date:  11/23/16                                     *s/Karen L. Litkovitz*
                                                                  Karen L. Litkovitz
                                                                  United States Magistrate Judge