UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD BONDS,
    Plaintiff,

Civil Action No. 1:15-cv-641
Litkovitz, M.J.

vs.

UNIVERSITY OF CINCINNATI
MEDICAL CENTER, et al.,
    Defendants.

**ORDER**

Plaintiff, a former resident of Kentucky who currently resides in Ohio, brings this pro se action alleging violations of his rights by defendants the University of Cincinnati Medical Center (UCMC), UCMC security staff, UCMC security employee Mike Posey, former Kentucky Attorney General (AG) John William "Jack" Conway, and "Two Unknown Kentucky State Police Officers" (KSP officers). The matter is before the Court on the following motions: (1) the KSP officers' motion to dismiss the complaint for failure to state a claim to relief (Doc. 86), plaintiff's response in opposition (Doc. 93), plaintiff's supplemental response to the motion (Doc. 95), and defendants' reply in support of the motion (Doc. 102); (2) defendant Conway's motion to dismiss plaintiff's amended complaint (Doc. 96), plaintiff's response in opposition to the motion (Doc. 107), and defendant's reply in support of the motion (Doc. 110); (3) plaintiff's motion for leave to file a sur-reply to defendant Conway's reply in support of his motion to dismiss (Doc. 111); (4) plaintiff's motion for leave to amend the complaint to add former KSP Commissioner Rodney Brewer and the "Unknown Supervisor of Defendant Two Unidentified Kentucky State Police" as defendants (Doc. 105); and (5) plaintiff's "Motion for Relief Against Attorney George Jonson and/or Arnold Perry for Illegal Practice of Law and Contact with Plaintiff" (Doc. 106).

I. Backgound

Plaintiff filed the original complaint in this action in October 2015 against defendants UCMC, the UCMC security staff, and UCMC security employee Posey. (Doc. 3). Plaintiff alleges in the original complaint that on or about September 2, 2015, these defendants engaged in several acts that violated plaintiff's rights under the UCMC patient "Bill of Rights" and worsened his "condition," causing plaintiff mental and physical anguish. (*Id.* at 3). Specifically, plaintiff alleges that defendants refused to allow him to participate in his care plan as prescribed by his primary care doctor; they refused to call plaintiff by his requested title in violation of the patient "Bill of Rights"; and defendant Posey threatened plaintiff with physical harm, called him names, and disrespected plaintiff "in an attempt to air a 20+ year grievance between the two." (*Id.*).

On November 18, 2016, the Court granted plaintiff leave to file a pro se amended complaint adding a First Amendment retaliation claim against newly-named defendants the KSP officers and former Kentucky AG Conway (Counts III and V) and adding a Fourth Amendment claim against defendant the KSP officers (Count IV). (Doc. 75). Plaintiff alleges in the amended complaint that the KSP officers came onto the grounds of the UCMC "under false pretense" when plaintiff was a patient there, and the unknown UCMC security guard allowed them access to plaintiff's hospital room "in violation of Plaintiff's Protected Health Information." (Doc. 72, ¶¶ 3, 10). Plaintiff states he was not in custody and no law enforcement agency was "in immediate pursuit" of him. (*Id.*, ¶ 3). Plaintiff alleges that the KSP officers "intimidated Plaintiff into stopping the publishing of political advice given to black voters on social media and Plaintiff's formerly sole-operated Web site www.theoutclause.com." (*Id.*, ¶ 10). Plaintiff alleges that the KSP officers explained to him that

they were sent by the Office of the AG and then-gubernatorial candidate and former Kentucky AG Conway to talk to plaintiff about his social media postings, which routinely criticized the work of the AG and urged voters not to vote for Conway. (*Id.*, ¶¶ 3, 11). Plaintiff alleges his "speech was not a plot to overthrow the government or to break laws, but merely to inform black voters of the machinations of 'Conway' and the 'OAG.'" (*Id.*, ¶ 4). Plaintiff alleges that the officers "then threatened Plaintiff with what seemed like a threat to Plaintiff's livelihood and safety by saying 'handles this or else . . .' causing Plaintiff to shut down his Web site that was gaining popularity." (*Id.*). Plaintiff also alleges that one of the KSP officers searched under plaintiff's bed covers without asking and without a warrant and found a shoe. (*Id.*, ¶ 3). Plaintiff alleges that he experienced a significant spike in his blood pressure and he requested to go outside, which his primary care physician had previously advised him to do to lower his blood pressure. (*Id.*, ¶ 5). Plaintiff alleges that while he was outside, defendant Posey called him "crazy" and "told Plaintiff to go back inside, despite Plaintiff having permission to go outside." (*Id.*). Plaintiff states that defendant Posey repeated his actions the following day when plaintiff "was only participating in his healthcare." (*Id.*). Plaintiff alleges he "was being illegally detained by 'Posey' in the event the 'KSP' came back with an actual arrst (sic) as they did not as no crime was committed." (*Id.*).

## II. Defendants' motions to dismiss the complaint under Rule 12(b)(6)

### 1. Standard of review

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although the complaint need not contain

3

"detailed factual allegations," *Id.*, under Fed. R. Civ. P. 8(a)(2), "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks, citations, and alterations omitted). Pursuant to *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se lawsuits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### 2. Two Unknown KSP Officers' motion to dismiss

The Two Unknown KSP Officers move the Court to dismiss the claims alleged against them in the amended complaint. (Doc. 86). They contend that plaintiff has failed to state a claim to relief and he has improperly pled his causes of action against them because he has not

4

provided sufficient information to identify these defendants. Plaintiff opposes the motion. (Doc. 107).[1]

The names of the Two Unknown KSP Officers are not disclosed in the record and these defendants have not been individually served. Instead, plaintiff served "Richard Sanders-Commissioner," service was executed, and counsel George Jonson then entered an appearance for the KSP officers. (Docs. 79, 85). Counsel filed the motion to dismiss on behalf of the KSP officers. The motion alleges that the identities of the two officers are impossible to discern from plaintiff's complaint because the complaint does not identify or otherwise describe the officers or provide the "K.S.P. Post they were assigned." (Doc. 86 at 4). The motion does not cite any authority to show this is a valid reason to dismiss the complaint against the "John Doe" defendants. A plaintiff is permitted to sue "unnamed 'John Doe' defendants until discovery or other information reveals the identity of the party." *Brown v. Owens Corning Inv. Rev. Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Bigi v. Brown*, 3:14-cv-282, 2014 WL 7228808, at *2 (S.D. Ohio Dec. 16, 2014). Thus, plaintiff is entitled to include the two unnamed KSP officers as defendants to this lawsuit and can pursue discovery to attempt to learn their identities. His inability to learn their identities to date is not a valid reason to dismiss the complaint against the KSP officers.

The unnamed KSP officers further allege that plaintiff's First Amendment retaliation claim fails because plaintiff has not provided sufficient facts to support the claim. (Doc. 86 at 2-3). Defendants note that plaintiff alleges the KSP officers went outside their territorial jurisdiction and used "false pretenses" to enter the UCMC grounds; the officers allegedly

---

[1] Plaintiff filed a "Supplemental Response" in addition to his opposing memorandum. (Doc. 95). The Local Rules do not allow for the filing of a supplemental memorandum except with leave of Court for good cause shown. S.D. Ohio Civ. R. 7.2(a)(2). Plaintiff did not seek leave of Court and has not shown good cause for filing the supplemental response. The Court therefore will not consider plaintiff's supplemental filing.

"advised" plaintiff they were sent by Conway to talk to him about his social media postings; the officers allegedly intimidated him into stopping the publication of his online political advice by threatening him and telling him to "handle [sic] this or else"; and this "threat[]" purportedly was in retaliation for "bashing" Conway. (*Id.* at 2-3). Defendants nonetheless allege that plaintiff's First Amendment retaliation claim is factually deficient because he has not substantiated his allegation that the officers used "false pretenses" to enter the UCMC grounds and he mistakenly alleges that the officers went beyond their territorial jurisdiction to talk with him. (*Id.* at 2). Defendants further contend that plaintiff does not explain what methods of intimidation the officers employed, which of the two unidentified KSP officers threatened him, and why the statement "handle [sic] this or else" was a threatening or retaliatory statement. (*Id.*). They contend that plaintiff has not described in the amended complaint the substance of his "conversation" with them or "how their visit might have related to his online political activities or any other criminal investigation of which he may have been the subject or a witness." (*Id.* at 3). Defendants also argue that plaintiff does not "describe in any manner what specific complaint the officers were investigating, what action they were asking him to take or any other information which might substantiate a connection between their visit and his cessation of political commentary." (*Id.* at 3).

Defendants have not shown that plaintiff's First Amendment claim should be dismissed. In moving for dismissal of the claim, defendants have not complied with S.D. Ohio Civ. R. 7.2(a) ("All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon."). Defendants have not cited any authorities in support of their motion to dismiss plaintiff's First Amendment retaliation claim. The Court will not dismiss the First

6

Amendment claim brought against these John Doe defendants in the absence of any supporting legal authority.

The motion to dismiss also alleges that plaintiff's Fourth Amendment claim must be dismissed because plaintiff does not provide any facts in the amended complaint to support his assertion that he was "harassed and interrogated" by the KSP officers, that his freedom was restrained, or that anything other than a "conversation" occurred. (Doc. 86 at 2-3). Defendants further contend that while plaintiff alleges that one of the two KSP officers "searched" his hospital room, ¶ 16 of the amended complaint describes a "constitutionally valid, appropriately limited intrusion designed to ascertain if Plaintiff was armed." (*Id.*, citing *Terry v. Ohio*, 392 U.S. 1, 88 (1968)). Defendants allege that according to the amended complaint, "once the item beneath the covers was verified to be a shoe, the search ceased [which] [b]y definition [] does not constitute a search which would violate" a federally protected right. (*Id*. at 3). Defendants note that plaintiff indicates in the amended complaint that he was permitted to leave his hospital room and the building when he became agitated and asked to do so. (*Id*.).

The motion to dismiss does not present a cogent argument that supports dismissing plaintiff's Fourth Amendment claim. First, the motion is factually inconsistent. Despite the contention that plaintiff failed to allege anything beyond a "conversation" in the amended complaint, the motion goes on to address plaintiff's allegations related to a "search." (*Id*. at 3). Second, the motion to dismiss is not supported by any legal analysis. Although the motion references the *Terry* decision, it does not do more than simply cite the decision. The motion provides no discussion or analysis of *Terry,* a case "concerning the role of the Fourth Amendment in the confrontation on the street between the citizen and the policeman investigating suspicious circumstances." 392 U.S. at 4. Nor does the motion attempt to apply

7

*Terry* to the facts alleged in the amended complaint. The conclusory contention that ¶ 16 of plaintiff's amended complaint describes a "constitutionally valid" intrusion under *Terry* does not suffice. (*See* Doc. 72, ¶ 16). Because the motion provides no analysis of the law and considers ¶ 16 of the complaint in isolation from the remaining allegations of the amended complaint, the motion is insufficient to demonstrate that the "intrusion" or "search" described in the amended complaint passes constitutional muster under the Fourth Amendment.

The Court will deny the Two Unknown KSP Officers' motion to dismiss.

### 3. Defendant Conway's motion to dismiss/plaintiff's motion to file sur-reply

Defendant Conway moves to dismiss plaintiff's complaint against him for failure to state a claim to relief. (Doc. 96). Conway alleges that plaintiff has failed to state a First Amendment retaliation claim because plaintiff's allegations do not suffice to meet the second and third elements of a prima facie case. (*Id.* at 2). Defendant alleges that (1) he did not take an adverse action against plaintiff; (2) plaintiff does not allege an objective threat that is sufficient to deter a person of ordinary firmness; and (3) a substantial causal connection between plaintiff's political criticisms of Conway and the "visit by the KSP" is lacking. (Doc. 96-1 at 1). Defendant denies plaintiff's allegations that the AG's Office staff and Conway sent the two KSP officers to talk to plaintiff about his "social media postings" (Doc. 96-1 at 3-4, citing Doc. 72, ¶ 3); that Conway was personally involved in any decisions to contact plaintiff or that he had the authority to order the KSP to make contact with plaintiff (*Id.*, citing Doc. 72, ¶ 11; K.R.S. § 16.040(1); and that the phrase "handles this or else" would be perceived by a person of ordinary firmness as a threat (*Id.* at 4, citing Doc. 72, ¶ 4). Defendant has attached to his motion a copy of an exhibit that was not referenced in plaintiff's complaint: a February 3, 2015 decision by the AG which denied plaintiff's appeal of a decision challenging the Walton-Verona Independent Board of

Education's denial of plaintiff's open records request. (Doc. 96, Exh. A, Bonds v. Walton-Verona Indep. Bd. of Educ., 15-ORD-015 (Ky. Att'y Gen. Feb. 13, 2015). Defendant indicates the decision is a public record (*see* Doc. 96-1 at 3, n. 2), which defendant cites for the proposition that the AG's office contacted the KSP about plaintiff's alleged "constant harassment of various Kentucky [AG] employees subsequent to an open records appeal by Bonds in which the AG issued a decision against him." (Doc. 96-1 at 3, citing Exh. A).

In response to defendant Conway's motion to dismiss, plaintiff alleges he engaged in protected activity by using social media and his now defunct web site, www.theoutclause.com, to inform voters and residents of Kentucky about the "machinations" of Conway while he was Kentucky AG. (Doc. 107 at 3). Plaintiff alleges that Conway then took adverse action against him in retaliation for his "public bashing of 'Conway' on social media" by sending the KSP officers to his hospital room, where the officers searched and interrogated him and told him to stop the public bashing "or else." (*Id*. at 3, 5). Plaintiff also alleges for the first time in his response to the motion to dismiss that he informed the AG's Office that he intended to sue them following what he viewed to be a "bogus ruling" on an Open Records request he had made. (*Id*. at 3). Plaintiff has submitted with his response a letter from the AG's Office related to his notice to the Office of his intention to sue employees of the AG's Office in connection with the issuance of the Open Records decision on appeal. (*Id*., Exh. 1).

In his reply, Conway alleges that the true reason the KSP officers were sent to plaintiff's hospital room was the "harassment and hostility toward AG employees" plaintiff had shown, and Conway has attached "several of Bonds' harassing emails" to the memorandum. (Doc. 110 at 3, 4, citing Exh. A). Plaintiff moves for leave to file a sur-reply to respond to the emails submitted by Conway with his reply. (Doc. 111).

Because matters outside the complaint have been submitted in connection with Conway's motion to dismiss, the Court must decide whether to consider those matters or convert the motion to dismiss to a motion for summary judgment. As a general rule, the court may not consider matters beyond the complaint when deciding a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)). If the Court considers evidence outside the complaint, the motion to dismiss is converted to a motion for summary judgment and the Court must give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* at 643-44; *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). An exception to the general rule applies when the document outside the complaint is referred to or attached to the pleadings and is integral to plaintiff's claims, in which case the evidence may also be considered without converting a motion to dismiss into one for summary judgment. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F. 3d 327, 336 (6th Cir. 2007). Another exception lies as to public documents, which the Court may consider without converting the motion into one for summary judgment. *Wyser-Pratte Mgmt. Co. Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)). The Court may also "take judicial notice of proceedings in other courts of record. . . ." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). *Cf. Passa v. City of Columbus*, 123 F. App'x 694, 698 (6th Cir. 2005) (district court committed error by taking judicial notice of statements on website on a

10

motion to dismiss; since the statements were disputed, the court should have converted the motion to one for summary judgment and allowed the plaintiff to respond with evidence).

In this case, the nature of the exhibits submitted by defendant Conway and relied on by him as evidence in support of his motion to dismiss introduce factual matters that go well beyond the allegations of the original and amended complaints. First, defendant has submitted a decision issued on appeal from plaintiff's Open Records request to the Walton-Verona Board of Education. (Doc. 96, Exh. A). While the decision is a public record and its content is not disputed, the decision's relevance to the case is a matter of dispute. Conway cites the record to support a theory of the case that contradicts the material allegations of plaintiff's complaint and plaintiff's version of events. Plaintiff has also submitted documentation to support another opposing theory, i.e., that Conway retaliated against him for threatening to sue AG Office employees. (Doc. 107-1, Exh. 1- letter from the AG's Office acknowledging plaintiff's notice of his intention to sue AG's Office employees). Because these opposing versions of the facts and theories of the case cannot be resolved on a motion to dismiss, but instead the allegations of the complaint must be construed in plaintiff's favor, the Open Records decision and related documentation are not properly considered in connection with defendant's Rule 12(b)(6) motion.

Second, the allegedly "harassing" emails plaintiff sent to the AG's Office are not properly considered in connection with the motion to dismiss. Conway alleges the Court can consider the emails without converting the motion to dismiss to one for summary judgment because plaintiff made them "central to his claims" for purposes of the motion to dismiss. (Doc. 110 at 3-4). Conway alleges that plaintiff did so in his response by questioning Conway's failure to submit the emails with his motion. (Doc. 110 at 4). The Court disagrees. It was Conway who initially brought up the emails in his motion to dismiss, and Conway acknowledges that plaintiff

11

questioned Conway's failure to submit the emails with his motion because of plaintiff's lack of understanding of the procedures that govern a Rule 12(b)(6) motion.[2] (*Id.*). Plaintiff did not create a material issue where one did not otherwise exist by questioning Conway's omission. Thus, defendants' exhibits are not properly considered in connection with the motion to dismiss.

Because the Court will not consider defendant's exhibits in connection with the motion to dismiss, plaintiff's motion for leave to file a sur-reply addressing those exhibits (Doc. 111) is moot. The Court will therefore deny the motion.[3]

Turning to the merits of the motion to dismiss, defendant Conway has not demonstrated that plaintiff's First Amendment retaliation claim against him fails to state a claim to relief. Plaintiff has done more than simply offer "labels and conclusions or a formulaic recitation of the elements of a cause of action" and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. The amended complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and to allow the Court "to draw the reasonable inference that [Conway] is liable for the misconduct alleged." *Id.* Plaintiff's allegations in the amended complaint satisfy the elements of a prima facie claim of First Amendment retaliation, which are: (1) the plaintiff engaged in constitutionally protected speech;

---

[2] Defendant notes that "Bonds, as a *pro se* plaintiff, cannot be expected to know that "[a]s a general rule, matters outside the pleadings" cannot be considered on a Rule 12(b)(6) motion. Nonetheless, since Bonds has disputed the existence of any harassing communications, several of Bonds' harassing emails to AG employees are attached as Ex. A." (Doc. 110 at 4).

[3] Plaintiff indicates in his sur-reply that he may have misinterpreted a prior comment made by the Court at an informal telephone conference to mean that he need not cite authority in his Court filings. (*See* Doc. 111 at 2). Plaintiff is cautioned that although pro se pleadings are liberally construed (*see supra*, p. 4), he is still obligated to follow the Federal and Local Rules. *See de Casal v. Nationstar Mortg., LLC*, No. 3:14-2000, 2016 WL 626054, at *1 (M.D. Tenn. Feb. 17, 2016). The Local Rules of this Court require that all motions "be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon." S.D. Ohio Civ. R. 7.2(a)(1).

(2) he suffered "an adverse action likely to chill a person of ordinary firmness from continuing to engage in protected speech"; and (3) "the protected speech was a substantial or motivating factor in the decision to take the adverse action." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011). Plaintiff alleges in the amended complaint that (1) he engaged in protected speech by posting criticisms of Conway on social media and urging black voters not to vote for him; (2) plaintiff suffered an adverse action likely to chill a person of ordinary firmness from continuing to engage in that activity when the KSP officers visited his hospital room and made a "threat" to plaintiff to "handle [sic] this or else," which plaintiff took to be a threat to his "livelihood and safety" and led him to shut down his website; and (3) plaintiff's criticisms of Conway were the motivating factor in the threat as shown by the KSP officers' comments during the visit that they were sent by Conway to talk about plaintiff's social media postings that were critical of Conway. (Doc. 72, ¶¶ 3-4). The threat of an adverse action can satisfy the second element of a First Amendment retaliation claim "if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citing *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009)). The second element is "not an overly difficult one for the plaintiff to meet" and "is intended to weed out only inconsequential actions." *Id*. at 472-73 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) (en banc)). Further, because "there is no justification for harassing people for exercising their constitutional rights," it is not necessary that the deterrent effect of the adverse action "be great" in order to be actionable. *Id*. at 473 (citing *Thaddeus-X*, 175 F.3d at 397) (citation and internal quotation marks omitted). The plaintiff need only establish that the retaliatory acts constituted more than a *de minimis* injury. *Id*. (citing *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002)).

13

In arguing that plaintiff's amended complaint fails to state a claim to relief, defendant Conway acknowledges that when making this determination the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." (Doc. 110 at 1-2, citing *Laborers Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)). Yet, in arguing for dismissal of the amended complaint, Conway disputes many of the allegations of the complaint; makes numerous assertions that contradict the allegations of the amended complaint and that go beyond the four corners of the complaint; and seeks to construe the complaint in the light most favorable to Conway rather than plaintiff. Defendant Conway alleges he was not concerned about plaintiff's political criticisms of him and he neither ordered the KSP state police to make contact with plaintiff nor had the authority to do so. (*Id.* at 3-4). Instead, Conway contends that his staff notified "Capitol security officers, who are part of KSP," that plaintiff could pose a potential threat to the security of the AG and the Capitol after Conway's staff received numerous "harassing and hostile communications" from plaintiff, and the real reason the KSP officers visited plaintiff was "to investigate his harassment and hostile language toward AG employees." (*Id.*). These assertions are not in the amended complaint, and they contradict plaintiff's allegations that Conway sent the KSP officers to plaintiff's hospital room in retaliation for plaintiff's political criticism of Conway on social media. Thus, the Court cannot properly consider these allegations in connection with a motion to dismiss. Further, in his reply memorandum, Conway improperly construes a number of allegations in the amended complaint in a light that is unfavorable to plaintiff. Conway asserts that plaintiff "effectively concedes that he harassed AG staff" because he admits he was upset about an adverse Open Records ruling, and he also admits that he threatened to sue the AG's office "without any abusive or threatening language." (Doc. 110 at 2, citing Doc. 107 at 3). The allegations Conway

cites are not reasonably construed as a concession by plaintiff that he "harassed AG staff." Conway also alleges that plaintiff did not "establish" that Conway or any of his staff "actually requested" the KSP officers to visit plaintiff, but instead plaintiff simply alleges that Conway sent in the two KSP officers. (*Id.*, citing Doc. 107 at 3). Plaintiff is not required to "establish" the veracity of his allegations at the motion to dismiss stage. Plaintiff's allegations satisfy his burden to state a claim to relief that is plausible with respect to his First Amendment claim against defendant Conway.

The Court will deny defendant Conway's motion to dismiss.

### III. Plaintiff's motion to amend the complaint to add defendants

Plaintiff moves for leave to add two new defendants to the complaint: former KSP Commissioner Rodney Brewer and the "Unknown Supervisor of Defendant Two Unidentified Kentucky State Police." (Doc. 105). As support for his motion, plaintiff notes that defendant Conway stated in his motion to dismiss that he did not have the power as AG to dispatch the KSP but Conway did not provide any information as to who did dispatch the officers. (*Id.* at 2). Plaintiff seeks to add the KSP supervisor and former Commissioner Brewer as defendants until he can learn "who dispatched them." (*Id.*).

The Federal Rules provide that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Court "has discretion in determining whether justice requires that [an] amendment be allowed." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 522 (6th Cir. 1999) (citing *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Factors relevant to the Court's decision include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Coe v.*

15

*Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Delay alone is an insufficient basis upon which to deny a motion to amend. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Plaintiff's proposed amendment to the complaint would be futile. Plaintiff does not allege that either the KSP officers' supervisor or the former KSP Commissioner engaged in any wrongdoing. He only speculates that it is possible they did so and *if* discovery discloses that either individual dispatched the KSP officers to plaintiff's hospital room, then that individual should be added to the litigation as a defendant. Plaintiff is not entitled to make speculative assertions and then proceed to discovery to learn if he actually has a claim against either one of these individuals. *Cf. Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

The Court will deny plaintiff's motion for leave to amend the complaint to add new defendants.

## IV. Plaintiff's motion for relief against attorneys

Plaintiff has filed a motion for sanctions, up to and including default judgment, against Perry Arnold and George Jonson, counsel for the KSP officers. (Doc. 106). Plaintiff alleges that Arnold contacted him by email on December 28, 2016, which was prior to his admission *pro hac vice*. (Id. at 3; Exh. 2). Plaintiff contends that the contact happened only once and that counsel contacted him to explain the Federal Rules of Civil Procedure to plaintiff. (*Id.*; *see* Exh. 2, email from Perry advising plaintiff that Perry represents "the Kentucky State Troopers in the amended complaint" and stating: "I just want to remind you that under the Federal Rules of Civil Procedure, you are not supposed to file discovery requests until after the Joint Report is filed and

16

the Rule 26(a)(1) Initial Disclosures are exchanged."). After receiving the email, plaintiff sent an email to trial counsel Jonson requesting that he "please explain immediately or I will file a tampering complaint with the Court." (*Id.*; Exh. 3). Jonson responded by email less than an hour later and explained to plaintiff that he was trial counsel for the unnamed KSP officers and he would be moving to have attorney Perry admitted *pro hac vice* in the very near future. (*Id.*, Exh. 4). Jonson made his motion on January 13, 2017 (Doc. 103), and the Court granted it on January 26, 2017 (Doc. 108).

Plaintiff's motion for sanctions is baseless. Plaintiff has not cited any authority that allows this Court to impose sanctions on counsel for the conduct described in his motion. Further, plaintiff does not suggest in his motion that Jonson did anything that could conceivably be characterized as improper. Nor does plaintiff indicate that Perry's contact with him prior to his admission *pro hac vice* harmed plaintiff in any manner. Plaintiff alleges that Perry contacted him only once, he advised plaintiff of the proper discovery procedures, and trial counsel Jonson promptly responded to plaintiff's inquiry about Perry's identity. Accordingly, the Court will deny plaintiff's motion for relief against attorneys.

**IT IS THEREFORE ORDERED THAT:**

1. The Two Unknown KSP Officers' motion to dismiss the complaint (Doc. 86) is **DENIED**.
2. Defendant Conway's motion to dismiss plaintiff's complaint (Doc. 96) is **DENIED**.
3. Plaintiff's motion to amend the complaint to add defendants (Doc. 105) is **DENIED**.
4. Plaintiff's motion for relief against attorneys (Doc. 106) is **DENIED**.
5. Plaintiff's motion for leave to file a sur-reply (Doc. 111) is **DENIED**.

Date: 3/15/17

Karen L. Litkovitz
United States Magistrate Judge